THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JANICE RICKERT,** § | CIVIL ACTION NO.: _____ |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| **HOME DEPOT U.S.A., INC.,** § | |
| Defendant. § | JURY DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT

#### I.   PRELIMINARY STATEMENT

1. Plaintiff JANICE RICKERT (hereinafter referred to as "Plaintiff" or "RICKERT") makes the following allegations against Defendant HOME DEPOT U.S.A., INC. (hereinafter referred to as "Defendant") in support of her claims that Defendant violated Title VII of the Civil Rights Act of 1964, as amended (hereinafter referred to as "Title VII") (42 U.S.C. § 2000e-2) and that Defendant violated the Age Discrimination in Employment Act of 1967 (hereinafter referred to as "ADEA") (29 U.S.C. § 621 et seq.).  Specifically, Defendant discriminated against Plaintiff because of her sex/gender and her age; and, after Plaintiff complained about the discrimination, Defendant then retaliated against her due to her complaints about the discrimination.  As a direct result of Defendant's actions, Plaintiff has suffered damages and continues to suffer damages.

#### II.   PARTIES

2. Plaintiff JANICE RICKERT is an individual residing in the city of Houston, in Harris County, in the state of Texas.  At all relevant times, Plaintiff has been employed by Defendant.  Furthermore, Plaintiff is still currently employed by Defendant.

3. Defendant HOME DEPOT U.S.A., INC. is a foreign for-profit corporation with its principal place of business in the state of Georgia, but is registered to do business in the state of

Texas. Defendant may be served with process by serving its registered agent for service of process, Corporation Service Company doing business as CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### III.   JURISDICTION

4.   This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331. Specifically, this case is being brought pursuant to: (a) Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e-2); and (b) the ADEA (29 U.S.C. § 621 et seq.).

5.   This Court has personal jurisdiction over Defendant because it is qualified to do business in Texas, including being registered with the Texas Secretary of State. Additionally, during all relevant time periods identified in this lawsuit, Defendant has performed and continues to perform business in this judicial district.

### IV.   VENUE

6.   Pursuant to 28 U.S.C. § 1391(b)(2), venue of this action is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

7.   Pursuant to 28 U.S.C. § 1391(b)(1), venue of this action is proper in this Court because Defendant resides in this judicial district.

### V.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.   On July 9, 2019, Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission (hereinafter referred to as "the EEOC"). On January 15, 2021, the EEOC issued Plaintiff a Notice of Right to Sue. Plaintiff files this Complaint within ninety (90) days after receiving the EEOC's Notice of Right to Sue.

## VI.     TITLE VII COVERAGE

9. Plaintiff is an employee within the meaning of Title VII. 42 U.S.C. § 2000e(f). Additionally, Plaintiff belongs to a class protected under the statute.  Specifically, Plaintiff is a female.  42 U.S.C. § 2000e-2.

10. Defendant is considered to be an employer within the meaning of Title VII. Defendant has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. 42 U.S.C. § 2000e(b).

11. Defendant intentionally discriminated and retaliated against Plaintiff because of her sex/gender, in violation of Title VII (as discussed in further detail below).

## VII.     ADEA COVERAGE

12. Plaintiff is an employee within the meaning of the ADEA. 29 U.S.C. § 630(f). Additionally, Plaintiff belongs to a class protected under the statute.  Specifically, at the time that Plaintiff filed her EEOC Charge, Plaintiff was sixty-seven (67) years old, which means that she was forty (40) years old or over.

13. Defendant is considered to be an employer within the meaning of the ADEA. Defendant has twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. 29 U.S.C. § 630(b).

14. Defendant intentionally discriminated and retaliated against Plaintiff because of her age, in violation of the ADEA (as discussed in further detail below).

## VIII.     FACTUAL SUMMARY

15. On or about February 23, 2015, Plaintiff became employed by Defendant as a sales associate.  Defendant has employed Plaintiff in various positions, including (but not limited to) a sales specialist role, a gardening role, a flooring role, and a millwork role.  Throughout Plaintiff's

3

employment with Defendant, Plaintiff has performed well and received good performance reviews. Plaintiff is currently employed by Defendant as a millwork specialist.

16. When Plaintiff first became employed by Defendant (which was after Plaintiff had a career as a software engineer with a large technology employer), she was told by her first supervisor, Rodney Bankhead, during her hiring interview with Defendant that she should just stay home and do hobbies.

17. Throughout Plaintiff's employment with Defendant, Plaintiff has been a strong performer. Plaintiff has often been the number one salesperson in the millwork department in the store where she works, in the entire district, and in the region. However, throughout this same time period, Plaintiff has continually applied and reapplied for promotions, only to receive less favorable treatment than younger less qualified candidates and/or male candidates.

18. Plaintiff has applied for various supervisory positions in different departments (such as gardening, plumbing, customer service, and services). However, all of said positions were filled by younger less qualified candidates and/or male candidates. Plaintiff would have also applied for the flooring department supervisor, but she was not allowed to do because the opening for that position was not announced by Defendant. Nonetheless, Plaintiff was considered to be part of the pool of candidates that were qualified to be a department supervisor.

19. In both October of 2018 and in the end of 2018, Plaintiff applied for two (2) positions in Defendant's information technologies (hereinafter referred to as "IT") department. The first position that Plaintiff applied to was for an IT field person in October of 2018. The second position that Plaintiff applied to was for an IT Internship. The field position went to a younger less qualified male. In response to Plaintiff's request for the internship position, Plaintiff was directly told by one of Defendant's assistant store managers (when he inquired as to why

Plaintiff did not get the internship) that Defendant stated it wanted younger employees with less experience.

20. Additionally, in the beginning of May of 2019, Plaintiff was asked if she wanted a customer order specialist job. It was told to Plaintiff by one of Defendant's assistant store managers that two of Defendant's other assistant store managers and Defendant's store manager felt that Plaintiff was qualified for the job, and requested that he check with Plaintiff to make sure that she wanted the job. Plaintiff later found out that Defendant's store manager was bringing in another one of Defendant's employees from a store that he previously managed. On or about June 8, 2019, Defendant's assistant store manager confided in Plaintiff by telling her that he did not agree with the decision because he knew that Plaintiff would do a great job. Plaintiff feared that if she questioned Defendant's store manager about it, he would further retaliate against Plaintiff, as he had done in the past.

21. Throughout Plaintiff's employment with Defendant, Plaintiff has applied for about eight (8) different positions with Defendant. However, Defendant failed to hire, transfer, and/or promote Plaintiff for said positions because of her sex/gender and/or age. Specifically, for about four (4) of those positions, Defendant hired male candidates to fill said positions. In addition, for about six (6) of those positions, Defendant hired younger less qualified candidates to fill said positions. Plaintiff does not know who was hired in one (1) of the positions.

22. Based on the foregoing, Plaintiff was continuously and consistently being discriminated against (constituting a continuing violation) with respect to her compensation, terms, conditions, and/privileges of employment because of her sex/gender and age, which included (but were not limited to) failing to hire Plaintiff for positions that she was qualified for, failing to transfer Plaintiff to positions that she was qualified for, failing to promote Plaintiff for positions

5

that she was qualified for, imposing unfavorable job duties on her, imposing less desirable schedules on her, verbally attacking Plaintiff, demeaning and diminishing Plaintiff, taunting Plaintiff, and making punitive gestures toward Plaintiff.

23. As a result of Defendant's sex/gender and age discrimination that Plaintiff has been experiencing during her employment with Defendant, Plaintiff complained to Defendant about the discrimination. After the complaints that Plaintiff made to Defendant about the sex/gender and age discrimination, Defendant continuously and consistently retaliated against (constituting a continuing violation) Plaintiff with respect to Plaintiff's compensation, terms, conditions, and/or privileges of employment, which included (but were not limited to) failing to hire Plaintiff for positions that she was qualified for, failing to transfer Plaintiff to positions that she was qualified for, failing to promote Plaintiff for positions that she was qualified for, imposing unfavorable job duties on her, imposing less desirable schedules on her, verbally attacking Plaintiff, demeaning and diminishing Plaintiff, taunting Plaintiff, and making punitive gestures toward Plaintiff.

24. As set forth above, all of the above-identified incidents represent an ongoing and repeated unlawful employment practice by Defendant against Plaintiff, which has occurred and recurred throughout Plaintiff's employment with Defendant. The above-identified discriminatory and retaliatory acts are plausibly and sufficiently related to each other. Said discriminatory and retaliatory acts show Defendant's long-standing demonstrable policy and/or practice of discrimination and retaliation. Defendant's unlawful conduct has been ongoing throughout Plaintiff's employment and is still present in her current employment with Defendant. Defendant has failed to take remedial action to end the ongoing discrimination and retaliation.

## IX. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964:

### SEX/GENDER DISCRIMINATION

25. Plaintiff realleges and incorporates herein by reference the preceding paragraphs as if fully set forth herein.

26. At all relevant times, Plaintiff belonged to a protected class because she is a female.

27. Defendant discriminated against Plaintiff because she is a female. She was treated differently and less favorably because she is a female even though she was qualified for the positions. Defendant's male employees that were similarly situated were treated more favorably than Plaintiff. As set forth below, Plaintiff was subjected to sex/gender discrimination regarding her compensation, terms, conditions, and/or privileges during her employment with Defendant.

28. As a result of Defendant's discrimination, Plaintiff suffered damages. Thus, Plaintiff is entitled to all legal and equitable remedies available for Defendant's violation of Title VII, including (but not limited to) punitive damages, attorneys' fees, and costs.

29. As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including (but not limited to) lost earnings, lost benefits, and/or other financial loss (plus interest).

30. As a further result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer emotional distress and/or mental anguish.

## **SECOND CAUSE OF ACTION**

## **VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964:**

## **RETALIATION**

31. Plaintiff realleges and incorporates herein by reference the preceding paragraphs as if fully set forth herein.

32. Plaintiff engaged in protected activity when she complained to Defendant about the sex/gender discrimination that she has been having to endure during her employment with Defendant.

33. After Plaintiff's complaints were made, an adverse action occurred. Specifically, Defendant retaliated against her with respect to compensation, terms, conditions, and/or privileges of Plaintiff's employment. A reasonable employee would have found Defendant's challenged actions materially adverse. There is a causal connection between Plaintiff's protected activity and the adverse employment action.

34. Defendant's purported reasons for its retaliatory conduct are merely pretext for the discrimination complaints. Defendant knew about the employee's protected activity.

35. For the foregoing reasons, Defendant retaliated against Plaintiff, in violation of Title VII.

36. As a result of Defendant's retaliation, Plaintiff suffered damages. Thus, Plaintiff is entitled to all legal and equitable remedies available for Defendant's violation of Title VII, including (but not limited to) punitive damages, attorneys' fees, and costs.

37. As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including (but not limited to) lost earnings, lost benefits, and/or other financial loss (plus interest).

38. As a further result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer emotional distress and/or mental anguish.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967: AGE DISCRIMINATION

39. Plaintiff realleges and incorporates herein by reference the preceding paragraphs as if fully set forth herein.

40. At all relevant times, Plaintiff belonged to a protected class because she was forty (40) years old or older. Specifically, at the time that Plaintiff filed the EEOC Charge, Plaintiff was sixty-seven (67) years old.

41. Defendant discriminated against Plaintiff because of her age. She was treated differently and less favorably because of her age even though she was qualified for the positions. Defendant's younger employees that were similarly situated were treated more favorably than Plaintiff. As set forth below, Plaintiff was subjected to age discrimination regarding her compensation, terms, conditions, and/or privileges during her employment with Defendant.

42. As a result of Defendant's discrimination, Plaintiff suffered damages. Thus, Plaintiff is entitled to all legal and equitable remedies available for Defendant's violation of the ADEA, including (but not limited to) liquidated damages, attorneys' fees, and costs.

43. As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including (but not limited to) lost earnings, lost benefits, and/or other financial loss (plus interest).

44. As a further result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer emotional distress and/or mental anguish.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967:

## RETALIATION

45. Plaintiff realleges and incorporates herein by reference the preceding paragraphs as if fully set forth herein.

46. Plaintiff engaged in protected activity when she complained to Defendant about the age discrimination that she has been having to endure during her employment with Defendant.

47. After Plaintiff's complaints were made, an adverse action occurred. Specifically, Defendant retaliated against her with respect to compensation, terms, conditions, and/or privileges of Plaintiff's employment. A reasonable employee would have found Defendant's challenged actions materially adverse. There is a causal connection between Plaintiff's protected activity and the adverse employment action.

48. Defendant's purported reasons for its retaliatory conduct are merely pretext for the discrimination complaints. Defendant knew about the employee's protected activity.

49. For the foregoing reasons, Defendant retaliated against Plaintiff, in violation of the ADEA.

50. As a result of Defendant's retaliation, Plaintiff suffered damages. Thus, Plaintiff is entitled to all legal and equitable remedies available for Defendant's violation of the ADEA, including (but not limited to) liquidated damages, attorneys' fees, and costs.

51. As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including (but not limited to) lost earnings, lost benefits, and/or other financial loss (plus interest).

52. As a further result of Defendant's unlawful conduct, Plaintiff has suffered and

continues to suffer emotional distress and/or mental anguish.

## X. DAMAGES

53. As a direct and proximate result of Defendant's conduct, Plaintiff suffered injuries and damages. As a result of Defendant's intentional unlawful conduct, Plaintiff's compensation, terms, conditions, and/or privileges of employment with Defendant have changed. Plaintiff has also suffered emotional distress and/or mental anguish. Thus, Plaintiff seeks back pay, front pay, lost benefits, reinstatement, compensatory damages, punitive damages, liquidated damages, reasonable attorneys' fees, costs, and interest relating to this lawsuit.

## XI. ATTORNEYS' FEES

54. Defendant's actions and conduct (as described herein) and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG | SPROVACH, 3518 Travis Street, Suite 200, Houston, Texas 77002, in initiating this lawsuit. Plaintiff is entitled to an award of attorneys' fees and costs under Title VII and the ADEA. As such, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## XII. JURY DEMAND

55. Plaintiff hereby demands a trial by jury.

## XIII. PRAYER

56. WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, and that the Court award Plaintiff all appropriate damages and relief, including (but not limited to) the following:

    a) judgment against Defendant for actual damages sustained by Plaintiff (as alleged herein);

    b) judgment against Defendant for back pay lost by Plaintiff (as alleged

       herein);

c)     judgment against Defendant for front pay (as alleged herein);

d)     grant Plaintiff general damages (for the damage to Plaintiff's reputation);

e)     award Plaintiff punitive damages;

f)     award Plaintiff liquidated damages;

g)     award Plaintiff compensatory damages (for emotional distress, pain and suffering, mental pain, and mental anguish);

h)     order Defendant to pay Plaintiff's attorneys' fees associated with this lawsuit;

i)     order Defendant to pay all costs associated with this lawsuit;

j)     grant Plaintiff pre-judgment interest at the highest legal rate;

k)     grant Plaintiff post-judgment interest at the highest legal rate until paid; and

l)     order such other and further relief, at law or in equity, general or special, to which Plaintiff may show herself to be justly entitled.

                                          Respectfully submitted,

                                          */s/ Gregg M. Rosenberg*
                                          Gregg M. Rosenberg
                                          USDC SD/TX No.: 7325
                                          Texas State Bar ID: 17268750
                                          ROSENBERG | SPROVACH
                                          3518 Travis Street, Suite 200
                                          Houston, Texas 77002
                                          Telephone No.: (713) 960-8300
                                          Facsimile No.: (713) 621-6670
                                          gregg@rosenberglaw.com
                                          Attorney-In-Charge for Plaintiff

ROSENBERG | SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77002
Telephone No.: (713) 960-8300

Facsimile No.: (713) 621-6670
Attorneys for Plaintiff